IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 5:23-cr-1 |
| TYRIQUE MARQUEZ MILLS, | |
| Defendant. | |

## ORDER

This matter is before the Court on the United States Probation's Petition for Action on Conditions of Pretrial Release, doc. 26.  For the reasons set forth below, and the reasons stated during the March 22, 2023 Bond Revocation Hearing in this matter, Mr. Mills' release pending trial has been and remains **REVOKED** and Mr. Mills is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility pending trial in this case.

Mr. Mills was charged by indictment in this matter with Possession of a Firearm by a Prohibited Person, U.S.C. § 922(g)(1).  On February 15, 2023, Mr. Mills was released on bond pending trial, subject to certain conditions, including home detention and location monitoring. Doc. 16.  The United States Probation's Petition for Action, doc. 26, alleges Defendant violated the condition that he submit to detention directions with location monitoring and comply with its requirements.

At the Bond Violation Hearing, the Government asked the Court to revoke Mr. Mills' release and requested that Mr. Mills be detained pending trial.  Mr. Mills opposed the Government's request and asked that he be allowed to remain on bond pending trial.  United States Probation Officer Dixon testified at the hearing.  Mr. Mills did not testify.

As explained during the Bond Violation Hearing, the Court finds by clear and convincing evidence that Mr. Mills violated the conditions of his release and the Court finds that he is unlikely to abide by conditions going forward.  18 U.S.C. § 3148(b).

Under § 3143 and § 3148, I find that revocation of Mr. Mills' release and his detention pending trial is appropriate.  During the Bond Violation Hearing, the Government offered argument and evidence demonstrating that Mr. Mills clearly understood what he was required to do under his bond conditions.  Mr. Mills was aware that it was his responsibility to follow all conditions of his bond to home detention with location monitoring as directed by his supervising officer, and to comply with all other conditions as set out in Defendant's Order Setting Conditions of Release. Doc. 16.

At the Bond Revocation Hearing, Mr. Mills offered no meaningful excuses for his violations of the conditions of his bond.

To be clear, it was Mr. Mills' obligation to ensure that he complied with the condition of his release.  If there was any confusion, he needed to resolve before violating any of the pretrial release conditions.

In consideration of all facts and arguments, I found that Mr. Mills' release was due to be revoked, should remain revoked, and he should be detained pending trial in this case. Specifically, the Government established by clear and convincing evidence that he violated the conditions of his pretrial release and the evidence demonstrates Mr. Mills is unlikely to abide by conditions going forward.  Accordingly, Mr. Mills is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility.  Mr. Mills shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility shall deliver Mr. Mills to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED**, this 24th day of March, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA